GEORGE WARD, Appellant, v. BOARD OF SUPERVISORS OF POTTAWATTAMIE COUNTY et al., Appellees.

A. H. BONNES et al., Appellants, v. BOARD OF SUPERVISORS OF POTTAWATTAMIE COUNTY et al., Appellees.

No. 41017.

FEBRUARY 9, 1932.

REHEARING DENIED JUNE 24, 1932.

Tinley, Mitchell, Ross & Mitchell, for appellants.

John P. Organ, for defendants-appellees.

George H. Mayne and John J. Hess, for interveners-appellees.

KINDIG, J.—This case is controlled by Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, 214 Iowa 655.

Harrison County lies immediately north of, and adjacent to, Pottawattamie County. Pigeon Creek runs through all or a part of Harrison County into Pottawattamie County, where it finally empties into the Missouri River. Drainage District No. 2 in Pottawattamie County extends from the Missouri River northeasterly along Pigeon Creek for a considerable distance through Pottawattamie County. From the northeastern boundary of Drainage District No. 2, Drainage District No. 8 in Pottawattamie County, along that Creek, extends northeasterly to the Harrison County line. As explained in Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra, the Harrison County district extends from the

Harrison-Pottawattamie County line northeasterly along Pigeon Creek for a considerable distance in Harrison County.

Ditches were constructed in these various districts and levees were built along the ditch in drainage district No. 2. The districts were established respectively as follows: No. 2 in 1903, No. 8 in 1910, and the Harrison County district in 1920. Repairs were made to the extent that the channel was deepened and enlarged in district No. 2 in the years 1924 and 1925. In Mayne v. Board of Supervisors, 208 Iowa, 987, it is held that those repairs and improvements should be assessed to the landowners in the three districts in accordance with Section 1989-a24 of the 1913 Supplement to the Code, and Chapter 332, Acts of the Thirty-Eighth General Assembly. Accordingly an assessment was made apportioning the costs of the improvement among the three districts. This action, as said in the preliminary statement, involves the assessment on the lands in district No. 8. Generally speaking three primary questions are argued on this appeal: First, that while Section 1989-a24 of the 1913 Supplement to the Code, and Chapter 332, Acts of the Thirty-Eighth General Assembly, applied to the work done in 1924, those laws do not apply to the work done in 1925 because of an amendment to the statute; second, that the legislation is unconstitutional because no notice is provided in the legislation; and, third, that the laws are unconstitutional for the reason that an assessment thereunder is imposed upon the upper landowners who received no benefits from the improvement in district No. 2.

I. It is claimed by the appellees that the decision in Mayne v. Board of Supervisors (208 Iowa 987), supra, controls this case, and that therein it was determined that all the work had been let in the year 1924 and therefore governed by the old statute.

But, as said in Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra, the Mayne case is not an adjudication of this controversy because the landowners in district No. 8 and the Harrison County district were not parties to the former litigation. Consequently, the Mayne case (208 Iowa 987), supra, does not control here. A reading of the record discloses, beyond peradventure of doubt, that part of the work was done in the year 1924 and part in the year 1925. That being true, the new statute came into effect

before the 1925 work was let, and therefore the old statute in no way governs or controls that work. So far, then, as the 1925 work in district No. 2 is concerned, the district court was wrong in assessing the landowners in district No. 8 therefor.

Further discussion of this proposition is not necessary, because the reader is referred to Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra.

II. The landowners in district No. 8 argue here, as did the landowners in the Harrison County District, as shown by Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra, that Section 1989-a24 of the 1913 Supplement to the Code and Chapter 332, Acts of the Thirty-Eighth General Assembly, are unconstitutional and void because those laws do not require notice before the improvement was made or the assessment allowed therefor.

This proposition was disposed of adversely to this view in Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra. As there shown, notice, so far as required by the Constitution, was fully given; but it is contended by the landowners in district No. 8 that the theory above announced cannot apply to them because their district was organized before the aforesaid Chapter 332, Acts of the Thirty-Eighth General Assembly, went into effect, and that Section 1989-a24 of the 1913 Supplement to the Code does not apply. Both Section 1989-a24 of the 1913 Supplement to the Code and Chapter 332, Acts of the Thirty-Eighth General Assembly, were in effect before the Harrison County district was organized. Chapter 332, Acts of the Thirty-Eighth General Assembly, did not go into effect until after district No. 8 was organized. Section 1989-a24, supra, however, was in effect before the organization of district No. 8.

Assuming that Section 1989-a24, above mentioned, does not apply to these three districts, yet that does not necessarily mean that the assessment in question is invalid so far as the landowners in district No. 8 are concerned. Chapter 332, Acts of the Thirty-Eighth General Assembly, it is true, as before indicated, went into effect after drainage district No. 8 was organized. Nevertheless this does not necessarily mean that the chapter, after it became effective, does not apply to district No. 8, which was organized before. Mayne v. Board of Supervisors (208 Iowa

987), supra, is authority for the proposition that this chapter does apply to district No. 8. Although the Mayne case is not an adjudication so far as these landowners in district No. 8 are concerned, yet it may be a precedent. When notice was given concerning the organization of district No. 8 and the assessments therefor to be made, the landowners therein understood that their land would be assessed for benefits accruing throughout the existence of the district. Likewise those landowners knew that the law relating to the assessment of benefits might be amended and changed. So long, then, as the amendment or change contemplated involved only the assessment for benefits, the landowners had no complaint under the statute, because future assessments, including those for improvements and repairs, would be spread over the lands according to the classification made therefor. In arriving, then, at the amount of future assessments for such repairs and improvements, a mere mathematical calculation is involved. Therefore, when district No. 8 was organized the landowners therein knew that the improvement thereby contemplated would collect into the ditch constructed the waters from Pigeon Creek and its tributaries, and, during flood times, dash those waters down into district No. 2 in greatly and abnormally increased volume. Also the aforesaid landowners, when receiving the notice concerning the organization of, and the assessments to be made in, district No. 8 understood that such increased volume and velocity of water would destroy the improvements in drainage district No. 2 and make necessary repairs thereof, including the cleaning out, enlarging, deepening, or widening of any such ditch or drain.

As individuals, the landowners in the territory now covered by drainage district No. 8, without organizing themselves into such district, could not have thus greatly and abnormally increased the volume of the waters collected from Pigeon Creek and its tributaries and emptied them onto servient lands in district No. 2. Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra. Hence, by organizing into a drainage district and constructing drainage improvements therein, the landowners in district No. 8 were benefited to the extent at least that they could dispose of the waters into drainage district No. 2 in such a manner and way as to increase the burden on the servient lands therein more than such

dominant landowners in district No. 8 could have done as individuals. Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra.

Manifestly, then, the legislation embodied in Chapter 332, Acts of the Thirty-Eighth General Assembly, relates to benefits accruing to the landowners in district No. 8, and, as before said, the landowners in district No. 8, when receiving the notice concerning the organization and assessment of benefits for the drainage district, understood and knew that the law under which they were proceeding at that time might be amended to include all the benefits accruing to them through such drainage district. This being true, Chapter 332 is not unconstitutional because not providing sufficient notice. See Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra. There is no contention that the apportionment of flowing waters was not properly made, as required by statute, nor is it claimed on this appeal that the statute is unconstitutional because the landowners in district No. 8 had no notice of, and opportunity to appear at, the meeting of the commissioners who fixed such apportionment. Consequently that proposition is not here considered. See, however, Board of Trustees v. Board of Supervisors, 198 Iowa 117.

III. Furthermore, it is said by the landowners in district No. 8 that Chapter 332, supra, is unconstitutional because it authorized assessments ''for the cost of such work (similar to that done in district No. 2 in 1924) in the same ratio to such total cost as the discharge of waters of such district bears to the combined discharge of waters of the several districts flowing into or through such a district or drain.''

Underlying the thought of the landowners in district No. 8 at this juncture is the theory that the assessment should be according to benefits rather than in the ratio of waters flowing. Benefits do accrue under the circumstances to the landowners in district No. 8, as shown by the discussion in Division II. The only question, then, involved is whether those benefits are equal to and can be measured by, the ratio of water flowing as contemplated by Chapter 332, Acts of the Thirty-Eighth General Assembly. Again the case of Board of Supervisors of Pottawattamie County v. Board of Supervisors of Harrison County, supra,

disposes of this proposition. Concerning this point we said in the last-named case:

"Appellants (Supervisors of Pottawattamie County and Pigeon Creek Drainage District No. 2), as shown by a previous division of this opinion, have not proved that a tax levied on the basis of water discharged is equivalent to such tax imposed on the theory of benefits, received. Although appellants did not furnish such proof, appellees (the landowners in the Harrison County district) likewise have failed to prove that ratio of water discharged is not the equivalent of benefits. The burden to show unconstitutionality was upon appellees, who are claiming it. Before a statute will be declared unconstitutional, it must plainly, clearly and palpably appear that the law is contrary to or in conflict with the constitution. No presumption against the validity of a statute can be indulged in. Loftus v. Department of Agriculture, 211 Iowa 566; City of Des Moines v. Manhattan Oil Co., 193 Iowa 1096, and other cases cited therein. Without furnishing the necessary proof, then, to show that the present statute is unconstitutional, appellees are not entitled to have the same so declared. Unless those necessary facts are supplied, a decision holding the act unconstitutional would be merely declaratory."

Under this record, then, the district court properly assessed the lands in district No. 8 for the aforesaid portion of the 1924 assessments in district No. 2, and that part of the judgment below should be affirmed, but, as before indicated, the district court improperly assessed the landowners in district No. 8 for the 1925 improvements in district No. 2, and that portion of the judgment must be reversed.

It is difficult to know whether the district court can separate the items of 1925 from those of 1924. If it cannot do so, it may take further testimony on that particular point alone, and for that particular object only the cause is remanded.

Affirmed in part; reversed in part and remanded.

WAGNER, C. J., and STEVENS, FAVILLE, DE GRAFF, ALBERT, MORLING, and GRIMM, JJ., concur.

EVANS, J., dissenting from the affirming portion of the opinion.